**Richard Orrin JONES, Plaintiff,**

v.

**John KITZHABER, et al., Defendants.**

**No. CIV. 02–6111–HO.**

United States District Court,
D. Oregon.

July 10, 2002.

Charles D. Carlson, Brown Roseta Long McConville et al., Eugene., OR, Katherine Greene Georges, Department of Justice, Salem, OR, for Defendants.

## ORDER

HOGAN, District Judge.

Pro se plaintiff, Richard Jones, brings this action alleging a conspiracy by defendants Governor John Kitzhaber, then Deputy Attorney General David Schuman, Secretary of State Bill Bradbury, state attorney Henry Lazenby, and private attorney Thomas Christ to deprive plaintiff of liberty and property interests by "throwing" a civil suit challenging Measure 7 which would have required the govern-

ment to compensate property owners for loss in value due to land use regulation.

Defendant Christ moves to dismiss the complaint against him arguing the court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. The state defendants move to dismiss arguing plaintiff lacks standing to seek relief, there is no justiciable controversy between the parties, plaintiff fails to state a claim, the Eleventh Amendment bars plaintiff's claims, federal courts lack jurisdiction to remove a state court judge, the state attorney defendants have absolute immunity, and the state officials have qualified immunity.

### BACKGROUND

Jones alleges that he is an Oregon voter and property owner whose property rights are affected by Measure 7. Jones voted for Measure 7 in the November, 2000 election and contends that his property will increase in value by $10,000 if Measure 7 goes into effect.

Jones alleges that Measure 7 was approved by the Oregon voters, but that before the measure could take effect, a suit was filed (McCall v Kitzhaber) to challenge the validity of the measure in State court seeking to enjoin Kitzhaber and Bradbury from formally canvassing the votes or certifying whether the measure had been adopted as law. At trial, the measure was declared invalid and appeal is now pending before the Oregon Supreme Court.

Jones contends that all defendants, who were either parties to the McCall case or attorneys in the case, conspired to "throw" the case to plaintiffs (represented by Christ). Jones specifically contends that Schuman met with Christ and agreed: (1) on the form of action, (2) identity of judge, (3) points to be asserted, and (4) that Schuman would respond ineffectively. As a result, plaintiff alleges, Kitzhaber appointed Schuman to the Court of Appeals as a reward.

Jones alleges that because of the conspiracy, he has been deprived of his due process rights in violation of 42 U.S.C. § 1983. Jones seeks money damages ($10,000) for diminution in value of his property, an injunction requiring Bradbury and Kitzhaber to formally canvass the votes and certify Measure 7 as law, and removal of Schuman as a Judge on the Oregon Court of Appeals.

### DISCUSSION

The defendants raise several reasons why this action should be dismissed. Chief among them is the argument that plaintiff lacks standing to bring this action and that he fails to allege a deprivation of his Due Process rights.

Article III of the Constitution limits the jurisdiction of federal courts to the "resolution of 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). An aspect of the limitation of Article III is the doctrine of standing. *See, e.g., Valley Forge Christian College*, 454 U.S. at 471, 102 S.Ct. 752. Thus, in order to invoke the jurisdiction of this court, plaintiff must first demonstrate that he has standing to challenge the conduct of defendant. "[T]he standing question is whether [a] plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf". *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), *citing, Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (footnote omitted).

■ In order for plaintiff to establish the requisite standing, he must demonstrate "at an irreducible minimum", (1) that he personally has suffered some actual or threatened injury (injury-in-fact); (2) that the injury can be traced to the challenged conduct of defendant (causation) and (3) that the injury is likely to be redressed by a favorable judicial decision (redressability). *Valley Forge Christian College*, 454 U.S. at 472, 102 S.Ct. 752.

■ To meet the injury-in-fact requirement, a plaintiff must show a "distinct and palpable" injury. *Warth*, 422 U.S. at 501, 95 S.Ct. 2197. Threatened harm can provide the basis for a finding of injury-in-fact. *Valley Forge Christian College*, 454 U.S. at 472, 102 S.Ct. 752. Where the harm is threatened, "[o]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough." *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979), *quoting*, *Pennsylvania v. West Virginia*, 262 U.S. 553, 593, 43 S.Ct. 658, 67 L.Ed. 1117 (1923) (other citations omitted). "However, [a] plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not conjectural or hypothetical." *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

■ The burden is on plaintiff, as the party seeking to invoke jurisdiction, to clearly allege facts that establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Plaintiff does not allege that he was a party to the McCall case or that he even attempted to intervene in that action. Therefore, plaintiff does not have standing to appeal the state court decision.[1]

Plaintiff's allegations that his property value has been diminished is based on the failure of Measure 7 to be adopted as law, and not any existing right to compensation for diminution in value due to state land use regulations. Therefore, plaintiff has not alleged a deprivation of any existing property right such that he can invoke the right to due process. A legitimate claim of entitlement arises only if it is created by existing rules or understandings that stem from an independent source such as state law. *Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff's allegations amount to nothing more than desire for a certain outcome in a State court litigation (in which he took no part) and perceived harm as a result of an opposite outcome. Such a generalized "harm" is not the sort of particularized injury required for standing.[2]

In addition, plaintiff's injury is not traceable to the defendants, but rather to the action of the State court in finding Measure 7 unconstitutional. Therefore, plaintiff lacks standing to bring this action and has failed to allege violation of a Due Process right.

Furthermore, it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment as plaintiff cannot allege the requisite harm resulting from litigation in which he took no part.

1. If plaintiff did have standing to appeal the McCall decision, then this case would have to be dismissed under the Rooker–Feldman doctrine.

2. Plaintiff's attempts to characterize his complaint as seeking redress of his voting rotes similarly fail because there were no irregularities in the voting process itself. The only harm that plaintiff could possibly allege is as a result of the McCall case.

## CONCLUSION

For the reasons stated above, the motions to dismiss (# 10 and # 12) are granted and this action is dismissed.